UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAMBRIA COMPANY LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Case No. 20-cv-895 <br> COSENTINO S.A., C & C NORTH § <br> AMERICA, INC., STONE SYSTEMS OF § **COMPLAINT FOR PATENT** <br> CENTRAL TEXAS, LLC, STONE § **INFRINGEMENT** <br> SYSTEMS OF HOUSTON, LLC, STONE § <br> SYSTEMS OF NEW MEXICO, LLC, § <br> STONE-MADE PRODUCTS, INC., STONE § <br> SUPPLIERS, INC., and QUARTZ SURFACE § <br> SUPPLIES, INC., § <br> § <br> Defendants. § | |

Plaintiff, Cambria Company LLC, alleges as follows for its claim of patent infringement against Defendants Cosentino S.A., C & C North America, Inc., Stone Systems of Central Texas, LLC, Stone Systems of Houston, LLC, Stone Systems of New Mexico, LLC, Stone-Made Products, Inc., Stone Suppliers, Inc., and Quartz Surface Supplies, Inc. (collectively, "Defendants"):

**NATURE OF THE ACTION**

1.     This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including specifically 35 U.S.C. § 271, based on Defendants' willful infringement of U.S. Patent No. 10,252,440 ("the '440 Patent") by the unauthorized manufacture, use, offer for sale, sale, and/or importation of Defendants' infringing products accused herein.

1

## THE PARTIES

2.      Plaintiff Cambria Company LLC ("Cambria") is a limited liability company organized under the laws of Minnesota and having its principal place of business at 805 Enterprise Drive East, Suite H, Belle Plaine, Minnesota 56011.

3.      On information and belief, Defendant Cosentino S.A. ("Cosentino") is a Spanish corporation with a principal place of business at Ctra. A334 Baza-Huércal Overa, km 59, Cantoria, (Almería, Andalusia) Spain, 04850, Registered in the Business Register of Almería, Volume 90, Section 176, Pages 2270, 4th Entry.

4.      On information and belief, Defendant C & C North America, Inc. ("Cosentino North America") is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at 13124 Trinity Drive, Stafford, Texas 77477.  Cosentino North America may be served through its registered agent CT Corporation System, 199 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Cosentino North America is registered to do business in the State of Texas, and has been since at least February 23, 2005.  On information and belief, Cosentino North America has filed at least four lawsuits in the State of Texas.  *See, e.g.*, *C & C N. Am., Inc. v. Prestige Marble, Inc.*, No. 16-DCV-229255 (Tex. Dist. Ct. Jan 15, 2016); *C & C N. Am., Inc. v. James Sharp*, No. 15-DCV-228382 (Tex. Dist. Ct. Dec. 09, 2015); *C & C N. Am., Inc. v. Builders Plus of N. Tex., LLC*, No. 15-DCV-222733 (Tex. Dist. Ct. Apr 15, 2015); *C & C N. Am. Inc. v. Apogee Reco LLC*, No. 201347092 (Tex. Dist. Ct. Aug 12, 2013).

5.      On information and belief, Defendant Stone Systems of Central Texas, LLC ("Stone Systems Central Texas"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at

13124 Trinity Drive, Stafford, Texas 77477.  Stone Systems Central Texas may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone Systems Central Texas is registered to do business in the State of Texas, and has been since at least October 24, 2001.

6. On information and belief, Defendant Stone Systems of Houston, LLC ("Stone Systems Houston"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134.  Stone Systems Houston may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone Systems Houston is registered to do business in the State of Texas, and has been since at least April 16, 2020.

7. On information and belief, Defendant Stone Systems of New Mexico, LLC ("Stone Systems New Mexico"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at 13124 Trinity Drive, Stafford, Texas 77477.  Stone Systems New Mexico may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone Systems Houston is registered to do business in the State of Texas, and has been since at least September 29, 2011.

8. On information and belief, Defendant Stone-Made Products, Inc. ("Stone-Made"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at 203 West Overly Drive, Dallas, Texas, 75065.  Stone-Made may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  On information and belief, Stone-Made is registered to do business in the State of Texas, and has been since at least June 28, 2019.

9. On information and belief, Defendant Stone Suppliers, Inc. ("Stone Suppliers"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at 13124 Trinity Drive, Stafford, Texas 77477. Stone Suppliers may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. On information and belief, Stone Suppliers is registered to do business in the State of Texas, and has been since at least April 24, 2001.

10. On information and belief, Defendant Quartz Surface Supplies, Inc. ("Quartz Supplies"), is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at 13124 Trinity Drive, Stafford, Texas 77477. Quartz Supplies may be served through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 7801. On information and belief, Quartz Supplies is registered to do business in the State of Texas, and has been since at least January 13, 2003.

11. On information and belief, Cosentino North America, Stone Systems Central Texas, Stone Systems Houston, Stone Systems New Mexico, Stone-Made, Stone Suppliers, and Quartz Supplies are current direct or indirect subsidiaries of Cosentino.

## JURISDICTION AND VENUE

12. This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ and 1331 and 1338(a).

13. Defendant Cosentino is subject to personal jurisdiction due to its contacts with the State of Texas, and in particular, with the Western District of Texas. On information and belief, Cosentino manufactures and ships products including quartz surface products under the brand

name Silestone to Cosentino North America in the United States, including in this District, for distribution and sale.

14.     In addition to importing slabs of Silestone from Spain and selling them to fabrication companies where countertops are cut to specified geometry and size, Cosentino also operates its own network of fabrication stores, called Stone Systems.  On information and belief, Cosentino North America distributes Silestone slab products by and through Stone Systems stores, including in the Western District of Texas.  According to Stone Systems' website, http://www.stone-systems.com/, Stone Systems is "the largest network of commonly owned stone fabrication shops" in North America, and Cosentino supplies approximately 75% of the stone that is fabricated and installed by Stone Systems each year.

15.     On information and belief, Cosentino also sells Silestone to independently owned fabricators and kitchen and bath retailers throughout Texas.  *See* https://www.silestoneusa.com/where-to-buy/.

16.     Cosentino maintains a website that markets Cosentino products.  *See* https://www.cosentino.com/usa/.  Cosentino's website identifies the following for "Where to buy" its products: 39 available stores for Austin, Texas; 96 available stores for Dallas, Texas; and 84 available stores for Houston, Texas.

17.     Defendant Cosentino North America is subject to personal jurisdiction due to its contacts with the State of Texas, and in particular with the Western District of Texas.  On information and belief, Cosentino North America distributes products including quartz surface products under the brand name Silestone to Stone Systems. On information and belief, Stone Systems then distributes these products in the Western District of Texas.

18. Defendants Stone Systems Central Texas, Stone Systems Houston, Stone Systems New Mexico, Stone-Made, Stone Suppliers, and Quartz Supplies (collectively, the "Stone Systems Defendants") are subject to personal jurisdiction due to their contacts with the State of Texas, and in particular with the Western District of Texas. The Stone Systems Defendants regularly transact business within this District, and have several regular and established business locations in Austin, Houston, and Dallas.

19. On information and belief, Defendant Stone Systems Central Texas operates a facility at 4101 Smith School Rd. Ste #200 Bld. 2 in Austin, Texas 78744, from which it markets and distributes products on behalf of Cosentino.

20. On information and belief, Defendant Stone Systems Houston operates a facility at 3700 S. Sam Houston Pkwy W, Houston, Texas 77053.

21. On information and belief, Defendants operate the facility Cosentino Center Austin at 1340 Airport Commerce Dr. #100, Austin, Texas 78741, from which they market and distribute Cosentino products.

22. On information and belief, Defendants operate the facility Cosentino Center Houston at 1315 West Sam Houston Pkwy N #150, Houston, Texas 77043, from which they market and distribute Cosentino products.

23. On information and belief, Defendants operate the facility Cosentino Center Dallas at 11639 Emerald Suite #400, Dallas, Texas 75229, from which they market and distribute Cosentino products.

24. Each Defendant is further subject to personal jurisdiction in this District because it has committed one or more acts of patent infringement within this District.

25.     Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because each Defendant has committed acts of infringement in this judicial District where the infringing products can be found, has a regular and established physical place of business in this judicial District, and/or is a foreign corporation which may be sued in any general judicial district.

## FACTUAL BACKGROUND

26.     Cambria is an industry leader in the design and manufacture of natural quartz surface products.  Cambria's quartz surface products have a variety of uses in homes and businesses, including, but not limited to, countertops, floor tiles, vanities, fireplace surrounds, wet bars, and showers.

27.     Cambria earned its reputation as a leader in the industry through years of innovation and a steadfast commitment to high quality in the design and manufacture of its products.  Cambria was the first and only U.S. producer of quartz surface products for many years.

28.     Quartz surface products have multiple performance benefits over other surface products.  For example, quartz surfaces never have to be sealed, unlike granite, marble and other surfaces that require regular maintenance.  Quartz surfaces are also scratch resistant and nonabsorbent, and they resist staining and do not harbor harmful bacteria.

29.     Cambria led the charge to grow the demand for quartz surface products by investing millions of dollars in Research and Development, which led to Cambria commercializing quartz product designs that have revolutionized the market.

30.     In 2014, Cambria changed the quartz countertop industry when it introduced its Coastal Collection with Cambria's new designs Galloway, Ellesmere, Langdon, Seagrove, and Summerhill.  In 2016, Cambria introduced additional new designs in the Coastal Collection:

Helmsley, Harlech, and Princetown, and in March 2017, Cambria added Beaumont and Kelvingrove to Cambria's Coastal Collection.

31. Three years after Cambria introduced its Coastal Collection, in February 2017, Cosentino introduced its "Eternal Collection" under its brand name Silestone. *See* https://www.cosentino.com/usa/eternal-collection/. According to a Silestone press release, the "Eternal Collection is the first in Silestone's offering to have veining and highlights run completely through the material, including its edges, resulting in an even more natural appearance." *See* https://www.prnewswire.com/news-releases/silestone-releases-eternal-collection-with-n-boost-technology-300403123.html. At that time, Cosentino's Silestone Eternal Collection included, among other designs, Calacatta Gold and Calacatta Classic. In January 2018, Bianco Calacatta was added to Cosentino's Silestone Eternal Collection. *See* https://www.cosentino.com/usa/news/silestone-unveils-expanded-eternal-collection-at-kbis-2018/.

32. In May 2019, Cosentino's International Patent Application No. WO 2019/101823 A1 published with a title of "Method and System for Producing Slabs, Tiles or Sheets of Artificial Stone with a Wide Vein Effect." Cosentino's WO 2019/101823 A1 states that it was filed on November 21, 2018, and claims priority to ES 201731349, a Spanish Patent Application filed on November 22, 2017. Cosentino's WO 2019/101823 A1 discusses Cambria's patent rights on page 2 (including Cambria's U.S. Patent No. 9,186,819 B1) and page 3 (referencing Cambria's International Patent Application No. WO 2016/123433 A1).

33. In July 2020, Cosentino announced that it was adding Et. Bella and Et. D'Or to Silestone's Eternal Collection. *See* https://www.cosentino.com/usa/news/cosentino-expands-silestone-offerings-with-three-new-innovative-colors/. Cosentino again stated that "[t]he Eternal

series is the first in Silestone's offering to have veining and highlights run completely through the material, including the edges, resulting in an even more natural appearance." *See id.*

### CAMBRIA'S ASSERTED PATENT

34.     The '440 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the United States Patent and Trademark Office on February 5, 2019, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '440 Patent is attached hereto as **Exhibit A**.

35.     Cambria owns all substantial rights, titles, and interests in and to the '440 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The assignment is recorded at the United States Patent and Trademark Office at Reel/Frame 038039/0290. The '440 Patent is valid, enforceable, and in full force and effect.

### DEFENDANTS' ACTIVITIES



**Et. D'Or**                **Et. Bella**

**Bianco Calacatta**         **Calacatta Gold**



**Classic Calacatta**

36. Defendants make, use, import, distribute, supply, market, offer for sale, and/or sell products that infringe at least one claim of the '440 Patent (the "Accused Products"), including but not limited to Defendants' Silestone "Et. D'Or," "Et. Bella," "Bianco Calacatta," "Calacatta Gold," and "Classic Calacatta" products pictured above. *See* https://www.silestoneusa.com/colors/. The process of manufacturing the Accused Products, including those shown above, meets the elements of one or more claims of the '440 patent, as described in the following paragraphs.

37. On information and belief, Additional Accused Products that Defendants make, use, import, distribute, supply, market, offer for sale, and/or sell are arranged similarly, or in different arrangements, for which the process of manufacturing meets one or more claims of the '440 Patent.

38. Defendants are providing or have previously provided the Accused Products from a number of locations in the United States, including Central Texas facilities in Austin, Texas.

39. Cosentino offers for sale the Accused Products through at least the following website: https://www.silestoneusa.com/colors/. Stone Systems offers for sale the Accused Products at least through the following website: http://www.stone-systems.com/colors/.

40. Cosentino's website advertises Defendants' locations, including Defendants' Centers in this District, as "combining the functions of warehouse, brand and product showroom, and sales network." *See* https://www.cosentino.com/usa/cosentino-center/.

41. As advertised on the website, https://www.silestoneusa.com/silestone-formats/, the Accused Products are offered in two slab sizes: "Standard," which is 55 inches wide by 120 inches long, and "Jumbo," which is 63 inches wide by 128 inches long.

42. The Accused Products embody, use, and are manufactured according to the inventions claimed in the '440 Patent.

43. Cambria has not authorized Cosentino to copy, reproduce, manufacture, duplicate, disseminate, distribute, import, sell, offer for sale, or display any quartz surface products produced with the technology claimed by the '440 Patent.

44. Cosentino is and has been aware of the '440 Patent since at least the filing of this lawsuit, and has continued its unauthorized infringing activity despite this knowledge.

45. Cambria gave written notice by May 14, 2020, to Cosentino of its unauthorized infringing activity pertaining to the '440 Patent. Cambria attempted, albeit unsuccessfully, to actively engage in good faith negotiations. Despite Cambria's efforts, however, Cosentino continues to willfully violate Cambria's intellectual property rights by infringing the '440 Patent.

## COUNT I – INFRINGEMENT OF THE '440 PATENT

46. Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–45 of this Complaint.

47. As set forth in the exemplary and non-limiting claim chart attached hereto as **Exhibit B**, Defendants infringe and/or have infringed, literally or under the doctrine of equivalents, at least claim 14 of the '440 Patent by importing, making, using, offering to sell, and/or selling the

Accused Products without a license or permission from Cambria, including in this judicial District. In violation of at least 35 U.S.C. § 271(g), Defendants import, offer to sell, sell, and/or use within the United States products which are made by the process patented in the '440 Patent. Prior to importation into the United States, the Accused Products are neither materially changed by subsequent processes, nor do they become a trivial and nonessential component of another product.

48. Cambria has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

49. Defendants' infringement of the '440 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Defendants are enjoined by this Court pursuant to 35 U.S.C. § 283.

50. Since at least May 14, 2020, Defendants have been on notice of and have actual knowledge of the '440 Patent and their infringement thereof. Since obtaining knowledge of their infringing activities, Defendants have failed to cease their infringing activities.

51. Defendants' infringement of the '440 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Defendants' willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Cambria respectfully requests that this Honorable Court enter judgment for Cambria and against Defendants, granting Cambria the following relief:

A. A judgment that Defendants have infringed one or more claims of the '440 Patent;

B.     An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Cambria for Defendants' infringement and in no event less than a reasonable royalty, together with both pre- and post-judgment interest and costs as fixed by the Court from the first date of infringement of the '440 Patent;

C.     A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the '440 Patent by Defendants;

D.     A judgment that Defendants' infringement has been willful and an award of increased damages as permitted under 35 U.S.C. § 284;

E.     A finding that this case is exceptional and an award of attorneys' fees and costs to Cambria as provided by 35 U.S.C. § 285 or as otherwise permitted by law; and

F.     Such other relief as this Court may deem proper and just.

Dated:  September 30, 2020

Respectfully Submitted,

WINSTON & STRAWN LLP

By: */s/ Natalie L. Arbaugh*
Natalie L. Arbaugh (State Bar No. 24033378)
M. Brett Johnson (State Bar No. 00790975)
Alex Wolens (*pro hac vice* to be filed)
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
T: (214) 453-6500
F: (214) 453-6400
NArbaugh@winston.com
MBJohnson@winston.com
AWolens@winston.com

Katherine Vidal (*pro hac vice* to be filed)
Eimeric Reig-Plessis (*pro hac vice* to be filed)
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500
KVidal@winston.com
EReigPlessis@winston.com

Danielle Williams (*pro hac vice* to be filed)
300 S Tryon St #1600
Charlotte, NC 28202
Telephone: (704) 350-7700
DWilliams@winston.com

Jason Z. Pesick (*pro hac vice* to be filed)
Joseph Becker (*pro hac vice* to be filed)
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
JPesick@winston.com
JEBecker@winston.com

ATTORNEYS FOR PLAINTIFF,
CAMBRIA COMPANY LLC